Eastern Dist.
*April* 1829.

HERMAN
*vs.*
SMITH.

*HERMAN* vs. *SMITH.*

When a party appeals from a judgment rendered between others, he must shew it was erroneous as it respects them. And he cannot avail himself of a technical objection which the defendant waived.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The appellant has brought up this case under the 571st article of the code of practice, and complains that he is aggrieved by the judgment rendered between the parties.

To enable him to show this, we are of opinion that he must establish the judgment rendered was erroneous between the original parties to the suit. A third person can never be aggrieved by a right judgment between others, unless there were fraud and collision on their part. If it affects his interest in any manner he cannot complain, because it is the judgment which the law requires on the legal rights of the parties.

The plaintiff in this case was the holder of a note for the second instalment of the price of real estate. It was secured by a mortgage which had the effect of a judgment: he applied for and obtained an order of seizure and sale, and without opposition on the part of the defendant, the property hypothecated was seized and sold, and the proceeds paid over.

The appellant is holder of the note due for the third instalment of the price of the same object, ánd he insists the order of seizure and sale was improvidently granted, because no authentic evidence was produced to shew the transfer of the note to the plaintiff.

This was an objection the debtor had the right to make at any time before the sale of the property, but which not being made previous thereto, he could not make now. It was one which he might waive if he chose, and one which he has waived by his silence. The consent cures any error in the original proceeding, and whatever will shew the defendant could not avail himself of the defence, will bar the appellant.

The appellant has however argued that this matter is *res judicata* between him and the appellees, because they contested his right to appeal, and the judge below decided he had a right so to do, which judgment is unappealed from. If this be true it would be strange doctrine. It would amount in fact to this, that whenever the judge below decided that a party had a right to appeal, it followed the judgment appealed from was erroneous. Such a princi-

Eastern Dist
*April* 1829.

HERMAN
*vs.*
SMITH.

ple would settle all questions in this court very easily.    The appellant would then in every instance succeed. The judgment of the court below in our opinion, decided nothing more than that the appellant had made out a case which enabled him to bring the cause before this court, but it left open the question when the cause came here, whether the judgment was so erroneous between the parties, that it should be reversed.

It is therefore ordered, adjudged and decreed that the appeal be dismissed with costs to be paid by the appellant.

*Denis* for plaintiff—*Morphy* for defendant —*Slidell* for third possessor.